## In the MATTER OF: Joseph M. ROBERTSON II, Respondent

### Supreme Court Case No. 36S00-1511-DI-641

Supreme Court of Indiana.

Filed October 7, 2016

Published Order Finding Misconduct and Imposing Discipline

Loretta H. Rush, Chief Justice of Indiana

Upon review of the report of the hearing officer, the Honorable Christopher L. Burnham, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** On September 8, 2014, Respondent, who practices in Jackson County, drove while intoxicated to the Shelby County Courthouse for a scheduled small claims hearing. Upon arriving at Superior Court 2, Respondent made repeated physical sexual advances on the court's receptionist. The judge and a security officer were summoned, a breath test was administered to Respondent, and the results indicated an alcohol concentration equivalent ("ACE") of 0.15. The judge immediately convened a contempt hearing, during which Respondent had to lean on the rail in front of the bench to steady himself. Respondent was found in direct contempt and ordered jailed until his ACE returned to zero. As a result of these events, the small claims hearing for which Respondent had appeared had to be continued for another date and all other hearings scheduled in the court that day were delayed at least an hour. Respondent was charged with several crimes in connection with this incident and eventually pled guilty to operating while intoxicated ("OWI") as a class A misdemeanor.

**Violations:** The Court finds that Respondent violated Professional Conduct Rules 8.4(b) (by committing the crimes of OWI, battery, and public intoxication) and 8.4(d) (by engaging in conduct prejudicial to the administration of justice), and that Respondent failed to comply with Admission and Discipline Rule 22 (Oath of Attorneys) by acting in an offensive manner toward the court's receptionist.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of one year, beginning November 14, 2016, with 90 days actively served and the remainder stayed subject to completion of at least two years of probation** on the following terms and conditions:

(1) Respondent, who already has entered into a monitoring agreement with the Judges and Lawyers Assistance Program ("JLAP"), must remain in full compliance with the provisions of that agreement.

(2) Respondent shall have no violations of any criminal law or professional disciplinary rule.

(3) Respondent shall immediately report any violation of his probation to the Commission.

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension and shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursu-

ant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.